IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,932-03




EX PARTE WILLIE JOE McADAMS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
FROM HARRIS COUNTY




           Johnson, J., filed a concurring statement.

C O N C U R R I N G S T A T E M E N T

            I agree with the denial of relief in this case, but because of the circumstances surrounding the
sentence, I write separately to clarify why I join the majority of the Court in holding that applicant
was not harmed by the claimed ineffective assistance of his trial counsel.
            Applicant was charged with aggravated assault, a second-degree felony. Tex. Pen. Code §
22.02. The indictment alleged that he had two previous sequential convictions, making the
punishment range for the aggravated assault 25 to 99 years or life. Tex. Pen. Code § 12.42(d).
            On August 22, 2012, the Court remanded this application and directed the trial court to
develop the record and make findings of fact and conclusions of law in response to applicant’s claim,
among others, that counsel performed deficiently by advising applicant to plead true to state-jail
felonies that were improperly alleged as punishment enhancements. 
            The trial court found or concluded, among other things, that: 
Counsel failed to object that 25 to 99 years or life was not the right range, given that the
second enhancement paragraph was, in fact, a state-jail felony enhanced as a third-degree felony;
Because it was a state-jail felony enhanced with one state-jail felony and one non-state-jail
felony, cause number 815458 was itself improperly alleged as an enhancement; 
            Applicant’s proper punishment range should have been 5 to 99 years or life; 
            Counsel was deficient for not objecting, but the error was harmless. 

            In examining the purported punishment range, two problems appear: (1) the second
punishment enhancement alleged in the indictment, cause number 815458, is an enhanced state-jail
felony, and enhanced state-jail felonies are arguably not available as enhancements under §
12.42(d)


; and (2) the same state-jail felony was itself improperly enhanced and should have been
an unenhanced state-jail felony.
            The record supports a finding that trial counsel should have objected that cause number
815458 was improperly enhanced. Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). 
Thus, applicant’s punishment range should have been 5 to 99 years or life, not 25 to 99 years or life.


 
But, even if we assume that trial counsel was ineffective because of the failure to object to the
erroneous range of punishment, applicant cannot show that he was prejudiced.
            The complainant testified that he had been shooting dice at a club and that applicant
threatened to rob him. Applicant left the club, returned, came up behind the complainant, pulled him
from a chair, and again threatened to rob him. After the complainant fell from the chair, applicant
pointed a pistol at the complainant and shot him in his eye. The bullet ricocheted and hit Alfred
Robertson. The complainant denied that the shooting was an accident. He also testified about his
loss of sight.
            The jury also heard from Robertson, who knew both applicant and the complainant. He
verified that applicant threatened to rob the complainant, exchanged words with the complainant,
left the club, and then returned. He saw applicant reach into his waist, pull out a pistol, walk toward
the complainant, and grab him. He then heard a gunshot.
            Dr. Mohammed Peracha, the doctor who was on duty when the complainant was admitted
to Ben Taub Hospital, testified that the complainant had an open-globe injury, which means that part
of the complainant’s eye was not intact. Dr. Peracha believed the injury was caused by a gunshot
wound.
            Applicant testified and described his criminal history, which was lengthy. He also said that
he felt that he was being cheated while shooting dice because the dice were loaded and believed the
complainant was responsible for the loaded dice. He contended that the shooting was an accident; 
he wrestled with the complainant because the complainant had a gun and he feared that the
complainant would shoot him.
            During punishment, the jury heard that applicant had been convicted of possession of cocaine
in 1995, delivery of cocaine in 1996, possession of a controlled substance in 1999, deadly conduct
in 1999, and reckless driving in 2001. Applicant had also been arrested for aggravated assault in
1998 and charged in 2002 with possession of codeine and aggravated assault. He had previously
shot the victim in the 2002 aggravated assault in the back.
            I conclude that, because of his long criminal history and the facts of the charged offense,
applicant was not prejudiced by trial counsel’s ineffective assistance, which applicant asserts led to
the 40-year sentence he received; if trial counsel’s conduct had not been deficient, the jury would
have been instructed that the proper punishment range was 5 to 99 years or life instead of the
erroneous range of 25 to 99 years or life.
            If applicant had been sentenced to the minimum punishment of the erroneous range, 25 years,
one could say that the jury might have reached a different result had the minimum been 5 years. But
when an applicant is sentenced to 15 years more than the minimum, that argument fails. See, e.g.,
Ex parte Chandler, 182 S.W.3d 350, 360 (Tex. Crim. App. 2005).
 
Filed: June 26, 2013
Do not publish